UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MERCEDES LIRIANO, JACINTH SCOTT, DIANE
ROBERTS, JASMINE DICKSON, and CHANTELE
JOSEPH on their own behalf,

**STIPULATION AND
PROTECTIVE ORDER**

Plaintiffs,     19-CV-11245(LGS)

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
and PATRICIA CATANIA, Jointly and severally,

Defendants.
-------------------------------------------------------------------- x

**WHEREAS**, plaintiff has sought certain documents and information from defendants in discovery in this action, which defendants deem to be confidential; and

**WHEREAS**, defendants object to the production of those documents and information unless appropriate protection for the confidentiality of the information contained therein is assured;

**WHEREAS**, an order entered pursuant to Federal Rule of Evidence 502(d) and the Court's inherent Authority will allow the parties in this action to conduct and respond to discovery expeditiously, without fear that disclosure of privileged or protected information will waive such privilege or protection in this or any other proceeding,

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties, as follows:

1.  As used herein, "Confidential Materials" shall mean all documents, testimony and information concerning:

    a.    personnel or former personnel employed by the Board of
          Education of the City School District of the City of New York
          operating as the New York City Department of Education

> ("DOE"), the City of New York or any of its agencies, including, but not limited to personal information such as home addresses, telephone numbers, social security numbers, and personnel files including all information concerning salary, promotions, discipline and evaluations;
>
> b. Equal Employment Opportunity related materials, but not limited to, complaints, race self-identification information, Equal Employment Opportunity Office files and the information contained in those files;
>
> e. intra- and inter-agency communications and other similar confidential information of the DOE, the City of New York, or any of its agencies;
>
> f. taxpayer identification numbers and social security numbers;
>
> g. any information of a personal or intimate nature;
>
> h. any documents that the parties agree are subject to this stipulation;
>
> i. any documents that are designated on the face thereof as "Confidential";
>
> j. any documents that the Court directs to be produced subject to this protective order; and,
>
> k. any testimony or discovery response which reveals the contents of materials produced subject to this order.

Nothing in the definition of "Confidential Materials" shall be implied, construed or deemed to require disclosure of any particular information by defendants.

2. The party receiving the Confidential Materials (the "Receiving Party") is precluded from using such Confidential Materials for any purpose other than use in the above-captioned litigation. This restriction includes any use in, but not limited to, the litigation entitled *Patricia Catania v. Mercedes Liriano, et al.*, an action currently pending in New York County Supreme Court for Bronx County under Index Number 21709/2019E.  Notwithstanding this restriction, the parties may elect to agree to nonetheless permit use of Confidential Materials in

other matters. Such an agreement must be in writing and delineate specific materials whose use would be allowed beyond this litigation.[1]

      3. Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from a source other than the party producing the Confidential Materials (the "Producing Party"), or (b) are otherwise publicly available.

      4. If a party believes that documents or information designated or sought to be designated confidential by the Producing Party does not warrant such designation, or in the alternative, if a party believes that a document not designated as confidential should nevertheless receive that designation, the party receiving the Confidential Materials (the "Receiving Party") shall make a good-faith effort to resolve the dispute with the Producing Party. In the event that the dispute cannot be resolved by the parties, either the Producing Party or the Receiving Party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking the confidentiality to demonstrate that such designation is proper.

      5. Neither the party receiving the Confidential Materials (the "Receiving Party") nor the Receiving Party's attorneys shall use Confidential Materials for any purpose other than for the preparation or presentation of the Receiving Party's case in this action.

      6. Neither the Receiving Party nor the Receiving Party's attorneys shall disclose the Confidential Materials to any person except under the following conditions:

      a.    Disclosure may be made only if necessary to the preparation or presentation of the Receiving Party's case in this action;

---

[1] As of the date of this Order, the parties have not agreed, in writing or otherwise, as to the use of any specific Confidential Materials for purposes other than use in the above-captioned litigation.

      b.      Disclosure before trial may be made to a party, an expert or consultation who has been retained or specially employed by the Receiving Party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition or any individual who has been identified as a potential trial witness, or to the Court.

      7.  Before any disclosure is made to a person listed in subparagraph (b) above (other than the Court), a Receiving Party shall provide each such person with a copy of this Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  The signed consent shall be retained by the Receiving Party's attorneys and a copy shall be furnished to Producing Party's attorneys at the conclusion of this action.

      8.  Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed Confidential, and each page of the transcript of such testimony, together with any exhibits referred to therein, shall be prominently marked as "CONFIDENTIAL."  Such portion of the transcript shall be deemed Confidential Materials within the meaning of this Stipulation and Protective Order.

      9.  Where a Receiving Party wishes to include any documents containing Confidential Materials or which reveal the contents thereof in any Court filing, they must contact Producing Party at least 5 business days in advance of such filing, and request the filing of redacted documents pursuant to Judge Schofield's Individual Practices and Rules.  Alternatively, the Producing Party may waive the confidential designation, at which point the Receiving Party,

if they desire, may request the filing of redacted documents pursuant to Judge Schofield's Individual Rules of Practices in Civil Cases.

10. This Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that has been deemed Confidential pursuant to this Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the action has been resolved, including all appeals, the Confidential Material, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose. Nothing in this Order shall be construed to limit the Producing Party's use of the Confidential Materials in any manner.

11. This Protective Order shall apply to all Confidential Materials exchanged between the parties without regard to when the Confidential Material was produced.

Inadvertent Production

12. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material") shall not constitute a waiver of any privilege or protection applicable to that information in this action.

13. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity, in a privilege log that complies with the Federal Rule of Civil Procedure 26(b)(5)

and Local Civil Rule 26.2, the Protected Material to be returned or destroyed.  If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.   Upon receiving a Clawback Demand, the Receiving Party shall return the information or documents to the Producing Party within five (5) business days, regardless of whether the Receiving Party agrees with the assertion of privilege and/or work product protection.

14. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

15. The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

16. This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of

this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

17. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

18. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

19. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

Dated: New York, New York
May 21, 2020

**MIRER, MAZZOCCHI & JULIEN**
*Attorneys for Plaintiff*
1 Whitehall St., 16th Floor
New York, New York 10004
212 231 2235

______________________
Ria Julien, Esq.

**JAMES E. JOHNSON**
Corporation Counsel of
the City of New York
*Attorney for Defendants*
100 Church Street, Room 2-107
New York, New York 10007
(212) 356-3177
cturpin@law.nyc.gov

______________________
Christopher Turpin
Assistant Corporation Counsel

So Ordered.

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Dated: May 26, 2020
New York, New York

______________________
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the So-Ordered Stipulation and Confidentiality Order entered in the United States District Court for the Southern District of New York, on _____, 2020 in the action entitled *Mercedes Liriano, et al. v. New York City Department of Education, et ano.*, 19-Civ.-11245 (LGS), or has been advised of its provisions or contents and understands the terms thereof.

The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

The undersigned understands that it is my responsibility to ensure that, and I hereby agree to ensure that, all Confidential Materials that I have contact with, as well as all copies, notes, and summaries, and other materials containing Confidential Materials or the information contained in the Confidential Materials, including but not limited to all copies, notes, and summaries that are or were maintained in any form, including but not limited to any computer hard drive, diskette, CD-ROM, or other electronic storage device must either be destroyed or returned at the conclusion of this matter.

_____
Date

_____
Signature

_____
Print Name

_____
Occupation