Law Office Of
**ANTHONY V. GENTILE**
6648 Ridge Boulevard
Brooklyn, NY 11220
718-492-1444

anthonyvgentile_esq@yahoo.com

_____

**Defendant Patricia Catania's Motion Requesting an Order Deeming Her Supplemental Motion Papers (submitted in opposition to her attorneys' withdrawal motion) To Have Been eFiled on March 1, 2021, *Nunc Pro Tunc*, or Granting a One (1) Day Extension**

March 2, 2021

*Via ECF Filing*

Honorable Sara L. Cave
Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Liriano v. NYCDOE, et ano*
      *Docket No.: 1:21-cv-11245 (LGS) (SLC)*

Hon. Judge Cave:

Your undersigned represents Defendant, Patricia Catania ("Catania"), in the above-referenced matter, a civil case (alleging discrimination/retaliation in connection with a public-school employment situation), for the limited purpose of opposing the motion of her present attorneys of record, who are all seeking to withdraw as counsel (*see* Dkt. Nos. 98, 106).  Catania very respectfully bring this non-dispositive letter motion pursuant to, *inter alia*, sections 5.2, and 7.1 [including sub-section (d) thereof] of this honorable Court's Local Rules; sections 11 and 23.6 [including subsection (c) thereof] of this Court's "Electronic Case Filing Rules & Instructions"; and section 1(E) of this Court's Individual Practices.

**Purpose of the Instant Motion**

The purpose of the instant letter motion is to respectfully request *nunc pro tunc* relief in the form of an Order deeming Catania's supplemental opposition papers (Dkt. Nos. 107 and 108), as further described below, to have been efiled on March 1, 2021, the deadline for said efiling, notwithstanding that said papers were actually efiled on March 2, 2021.  As set forth in the accompanying declaration, the subject motion papers would have been timely efiled on March 1, 2021 but for an insurmountable and unforeseen internal technical failure (to wit, a connectivity issue) of the Court's ECF system on March 1, 2021, i.e., the date when Catania's counsel (your undersigned) effectuated a failed attempt to efile said motion documents.

Alternately, Catania seeks an Order adjourning or extending the March 1, 2021 deadline by one (1) day, *ex post facto*. The documents at issue are an opposing Declaration (of your undersigned) with three (3) exhibits (Dkt. 107) and an opposing Memorandum of Law (Dkt. 108).

### The Annexed Exhibit

Annexed hereto and made part hereof as **Exhibit "A"** is the supporting Declaration of your undersigned, Anthony V. Gentile, sworn to on March 2, 2021 ("Gentile Dec."), which declaration includes a single internal exhibit/attachment not denominated as a letter. Said declaration provides the factual and evidentiary support for the instant letter motion.

### The Subject Facts

The annexed declaration, and its attachment, demonstrates the following. On March 1, 2021, Catania, via counsel, was ready, willing and able to, and made a good faith attempt to, timely efile the subject motion opposition papers. The only reason she was unable to effectuate said efiling on the aforesaid date was a technical failure of the SDNY ECF system. It was physically impossible to access the ECF system that day, let alone efile any documents on the subject docket.

The very next day, when the ECF system was up and running, and accessible, Catania did efile the subject motion opposition papers. In addition, that same day, Catania efiled a "Notice of Technical Failure," as required by Rules 11 and 23.6 of this Court's "Electronic Case Filing Rules & Instructions." *See* Dkt. 109. The instant motion promptly followed.

### The Requested Relief Should Be Granted

There is ample authority from decisions of the Second Circuit Court of Appeals, and the Southern District of New York, warranting the granting of the requested *nunc pro tunc* relief. The most persuasive, if not binding, authority is that of *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates*, 422 F.3d 72 (2d Cir. 2005).

There, as here, a litigant attempted to file an important document on a certain date, and was prevented from doing so due to ECF technical issues. The District Court granted essentially the same relief as sought here, and deemed the document to be filed on an earlier date, i.e., the date on which the attempted filing was made, as opposed to the later actual efiling date. The Second Circuit affirmed the District Court's Order. In doing so, the Second Circuit held as follows:

> Our decision today simply recognizes the district court's authority
> to excuse Gulino's failure to comply with the ECF system
> requirements and thus deem the motion made at the time when, but
> for this noncompliance, the motion **would have** been made.

*Phoenix* at 76, *citing*, *Wight v. Bankamerica Corp.*, 219 F.3d 79, 85–86 (2d Cir. 2000); *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1046–48 (2d Cir.1991) (emphasis added). In addition, the Second Circuit quoted the District Court in holding as follows: " 'it would be unduly harsh to penalize [Ventures] for the electronic communications that apparently broke down,' and in part

due to this fact, concluded that the 'motion to remand is deemed filed on July 26, 2004 . . .' ". *Phoenix* at 76 (brackets in original).

Here, there is even more reason for this Court to follow *Phoneix, supra*. After all, the ECF issues in *Phoenix* were the sole fault of the attorney (said attorney had entered an invalid hearing date, and the subject motion papers were thus rejected).[1] This stands in stark contrast to the instant case where Catania's attorney was blameless, and the ECF system was completely inaccessible due to internal connectivity issues.

In *Wight v. Bankamerica Corp.*, 219 F.3d 79 (2d Cir. 2000), cited in *Phoenix, supra*, the Court confronted a paperwork "muddle" due to an improper affidavit, but nonetheless deemed an appeal related motion filed as of an earlier date. In *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043 (2d Cir.1991), also cited in *Phoenix, supra*, the Court deemed a petition filed as of an earlier date notwithstanding that the paperwork for the petition was not fully processed until forty-five (45) days later due to attorney error in the form of missing papers.[2] Again, if attorney errors such as the foregoing can result in a court Order deeming a document to be filed as of an earlier date so too should such an Order issue here where the filer's attorney was <u>not</u> at fault.

Alternately, for the same reasons set forth above, the Court should grant an extension of time of one (1) day, *ex post facto*, with respect to the filing deadline.[3] As per your Honor's individual practices [Rule 1(E)]: (1) the original filing deadline was March 1, 2021; (2) there has been no previous request for an adjournment or extension; (3) this section is not applicable; (4) the reason for the request is stated above; (5) Catania's present counsel, ACC Natalie Marcus, consents to either branch of relief; and (6) this section is not applicable. Upon information and belief, the requested relief should not affect any other scheduled dates.

Wherefore, for all the foregoing reasons, and those set forth in the accompanying declaration, and its sole attachment, Catania respectfully requests an Order deeming her aforesaid motion opposition papers to have been timely filed on March 1, 2021. Alternately, Catania requests an Order granting a one (1) extension of the aforesaid filing deadline and, in either event, granting such other and further relief as is just, proper and/or equitable.

Respectfully submitted,

*Anthony V. Gentile*

Anthony V. Gentile
(AG6065)

---

Due to the outages to the Southern District's Electronic Case Filing System, Defendant Catania's letter-motion (ECF No. 110) requesting that her Opposition to the Motion to Withdraw (ECF Nos. 107–08) be deemed timely filed is GRANTED. The Court shall consider Catania's Opposition in due course.

The Clerk of Court is respectfully directed to close ECF No. 110.

SO-ORDERED 3/3/2021

SARAH L. CAVE
United States Magistrate Judge

---

[1] Moreover, the Second Circuit granted relief to the movant notwithstanding that its attorney in that case was unfamiliar with the ECF system. *Phoenix* at 76. Here, your undersigned did not suffer from such lack of experience (*see* Gentile Dec. at para. 6).
[2] *Phoenix, Wight, and Somlyo* all affirm decisions of a district court in the Southern District of New York.
[3] Under the circumstances, and due to an unforeseen emergency, it was obviously impossible to bring the instant motion <u>prior</u> to the March 1, 2021 deadline.