Law Office Of
**ANTHONY V. GENTILE**
6648 Ridge Boulevard
Brooklyn, NY 11220
718-492-1444

anthonyvgentile_esq@yahoo.com

___

**LETTER MOTION OF PATRICIA CATANIA, PURSUANT TO FRCP RULE 37(b), REQUESTING A DISCOVERY CONFERENCE, SUCH THAT THE COURT ACCEPT CATANIA'S ESI PROTOCOL REGARDING PLAINTIFFS' ESI, AS SUBMITTED, *WITHOUT CHANGE*, AND WITHOUT CONSIDERING A COMPETING VERSION, BASED ON PLAINTIFFS' WILFULL VIOLATION OF THIS COURT'S ORDER**

July 2, 2021

*Via ECF Filing*

Hon. Sarah L. Cave
Magistrate Judge
United States Federal District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> Defendant Catania's letter-motion requesting that the Court adopt her ESI Proposal "as is, without any changes, and without considering Plaintiffs' competing version, if any," (ECF No. 157) is DENIED WITHOUT PREJUDICE. Under the Court's July 1, 2021 Order (ECF No. 155), the parties shall meet and confer concerning their disputes and shall submit the ESI Proposal (or competing proposals, in the event they cannot agree) by July 22, 2021. This deadline remains operative, and if the parties cannot agree on an ESI Proposal, the Court will consider each of the parties' positions, in due course.
>
> The Clerk of Court is respectfully directed to close ECF No. 157.
>
> SO ORDERED 7/6/2021
>
> /s/ Sarah L. Cave
> SARAH L. CAVE
> United States Magistrate Judge

**Re:**   *Liriano v. New York City Dept. of Education (et ano)*
         *Civil Case No.: 1:19-cv-11245 (LGS) (SLC)*
         *Catania's Letter Motion, as Set Forth Above*

Hon. Judge Cave:

Your undersigned represents Defendant, Patricia Catania ("Catania"), in the above-referenced matter, a purported civil rights action within an employment context (the Plaintiffs are public school teachers, and Catania is their former principal). We write to this Court, pursuant to Local Rule 37.2, and section II-C of this Court's Individual Rules of Practice, to humbly and respectfully request a discovery conference so that the following relief can be granted: pursuant to FRCP § 37(b)(2)(A), having this Court accept Catania's proposed ESI protocol regarding Plaintiffs' ESI, as is, without any changes, and without considering Plaintiffs' competing version, if any, based on the express statement by Plaintiffs' counsel to your undersigned that

<u>they are intentionally violating this Court's Order dated July 1, 2021 (Dkt. No. 155), and that they are willfully refusing to meet and confer regarding ESI.</u>[1]

**Facts**  On June 30, 2021, the deadline to submit the joint ESI protocol as between Catania and Plaintiffs was July 1, 2021. Early in the morning of June 30, 2021, your undersigned sent Plaintiffs' counsel, via email, Catania's proposed protocol with respect to Plaintiffs' ESI, a copy of which is annexed hereto and made part hereof as **Exhibit "A"**. Although time was short (your undersigned will accept partial responsibility for that), there was nonetheless sufficient time to meet the July 1, 2021 deadline – that is, if Plaintiffs' counsel had been cooperative; after all, we had two (2) full days to come to an agreement on this.

Your undersigned spent the better part of the day attempting to reach a resolution with Plaintiffs' counsel not only with respect to Catania's proposed ESI protocol regarding Plaintiffs, but also with respect to Plaintiffs' ESI protocol regarding Catania. The parties' respective counsel exchanged approximately fifteen (15) emails over the course of two (2) days, approximately twelve (12) of them originating from your undersigned.

Your undersigned's efforts did not bear fruit on any either proposed protocol. Your undersigned will not inundate this Court with details and emails but, just to give a few examples, first and foremost Plaintiffs' counsel refused to even comment on Catania's proposed ESI protocol. Eventually, as discussed below, they outright stated that they are refusing to meet and confer regarding Catania's proposed ESI protocol.

Moreover, your undersigned had requested certain courtesy copies of certain documents, which Plaintiffs' counsel agreed to provide, and then they did not provide; your undersigned requested an explanation of an unusual term in Plaintiffs' proposed ESI protocol, and Plaintiffs' counsel would not provide the explanation; your undersigned asked Plaintiffs' counsel to pare down the search term list in their proposed ESI protocol regarding Catania, and Plaintiffs' counsel not only refused to do this but they asked your undersigned to do it for them.[2]

In contrast, your undersigned was as cooperative as could be. First, he kept the channels of communication constantly open via email. Second, Plaintiffs' counsel requested compliance with this Court's Order dated February 3, 2021 (Dkt. 94), and your undersigned complied. *See* **Exhibit "B"** hereto. Third, Plaintiffs' counsel had argued that, with respect to a certain issue raised by Catania's proposed ESI protocol, a discovery demand should have been served, so your undersigned served a discovery demand. *See* **Exhibit "C"** hereto.

Fate intervened in the form of this Court's Order dated July 1, 2021 (Dkt. No. 155), which arrived amidst the parties' dispute, and which reads, in relevant part: "Plaintiffs and Defendant Catania <u>shall</u> use this additional time to continue to meet and confer regarding their disputes" (emphasis added). The Court will note its own use of a <u>mandatory</u> word. Naively, your undersigned thought this would help resolve the issue; however, he forgot who he was dealing with.

---

[1] Note: this letter motion concerns <u>only</u> the ESI protocol as between Catania and the Plaintiffs, and only as pertaining to Plaintiffs' ESI. There are separate issues with respect to the proposed ESI protocol as between Plaintiff and Catania, regarding Catania's ESI, if any.

[2] Again, this letter motion addresses only Catania's proposed ESI protocol regarding Plaintiffs' ESI.

Your undersigned received an email containing the aforesaid Court Order at 2:13 p.m. At 2:25 p.m. your undersigned forwarded the Court's Order to Plaintiffs' counsel via an email which reads: "We have additional time. Let's use it productively and NOT show the court that we need it's (sic) intervention." Approximately two (2) minutes later, your undersigned received an email from Plaintiffs' counsel which reads: "Please advise of your ability to meet and confer regarding Plaintiffs' protocol. We will not meet and confer regarding Defendant Catania's protocol." *See* **Exhibit "D"** hereto (the latter two [2] emails referenced in this paragraph).

Let's recap this carefully: two (2) minutes after being directed by the Court to meet and confer regarding our disputes, the Plaintiffs' gallingly and unilaterally advised your undersigned that they would intentionally violate said Order and not meet and confer. This is what happens when one anoints oneself the "leader" and "lawmaker" in a particular field of law: one apparently deigns oneself to be not even bound by a clear and direct Order of a Magistrate Judge.

**Relief Requested** Section 37(b)(2)(A) of the FRCP sets forth various sanctions available for imposition upon a party who disobeys a discovery order including, but not limited to: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . ."

Based on Plaintiffs' outright express refusal to meet and confer regarding Catania's ESI protocol, your undersigned submits that Plaintiffs have forfeited the right to challenge same, or to submit a competing proposal, and said document (Ex. "A") should be accepted as is. *See, e.g., Chevron Corporation v. Donziger*, 425 F.Supp.3d 297 (U.S. Dist. Crt., S.D.N.Y., March 05, 2019) (accepting ESI protocol as is based on adversary's counsel refusal to meet and confer).

Notably, the Plaintiffs never raised any objections *per se* to Catania's proposed ESI protocol with respect to Plaintiffs' ESI, nor did they submit a competing proposal. At that juncture, the dispute which was brewing concerned Plaintiffs' proposed ESI protocol with respect to Catania's ESI, if any. This is yet more reason to accept Catania's proposed ESI protocol (Ex. "A").[3] Wherefore, Catania respectfully prays that the within motion be granted in its entirety.

Respectfully and sincerely submitted,

*/s/ Anthony V. Gentile*
Anthony V. Gentile (AG6065)

cc: all ECF registrants in this case.

---

[3] Your undersigned understands that there is a separate "meet and confer" requirement before bringing this motion. However, the Court is again advised that, in direct response to Plaintiffs' counsel's receipt of this Court's Order directing them to meet and confer with your undersigned regarding ESI protocols, said counsel sent an email, not two (2) minutes later, with a copy of said Order attached to the email. advising your undersigned, without reason or justification, that they were not meeting and conferring. In light of the foregoing, any effort to meet and confer prior to bringing the instant motion would be futile. *See, e.g., Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc.*, 318 F.R.D. 28, n. 16 (U.S. Dist. Crt., S.D.N.Y., November 30, 2016).