> Plaintiffs' letter-motion (ECF No. 160) requesting that the Court reiterate its prior Order concerning the ESI Proposal (the "ESI Order" (ECF No. 94)) is DENIED. The ESI Order speaks for itself and the Court has been clear that the parties shall meet and confer concerning the ESI Proposal. (See ECF Nos. 155, 159).
>
> <u>Failure to comply with the Court's Orders may lead to the imposition of sanctions.</u> Fed. R. Civ. P. 16(f); 37(b)(2)(A).
>
> The Clerk of Court is respectfully directed to close ECF No. 160.
>
> SO ORDERED 7/16/2021
>
> *signed* SARAH L. CAVE
> United States Magistrate Judge

July 15, 2021

*Via* **ECF**
Honorable Magistrate Judge Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1670
New York, NY 10007

        Re: *Liriano, et al. v. NYC DOE et al.*
        19-Civ.-11245 (LGS)(SLC)
        Letter Motion to Reiterate Order #94 As
        Applicable to Defendant Catania Only

Dear Hon. Magistrate Judge Cave:

This office represents Plaintiffs in the above-entitled action. Plaintiffs write, in advance of the July 22, 2021 ESI Proposal deadline, regarding Defendant's most recent obstructionist delay tactic, seeking the court issue an order reiterating the clear scope of its prior order at Dkt #94.

In brief, in the face of the clear language of the Dkt #94, requiring the parties to meet and confer regarding "the search **of Defendant Catania's** personal email and social media accounts and devices for discoverable communications and documents" [Dkt #94], Defendant Catania has improperly conditioned meeting and conferring on Plaintiffs negotiating a separate ESI proposal with Defendant Catania purportedly in response to a Document Request propounded by Defendant Catania a mere two weeks ago on July 1, 2021.

That is, Defendant Catania is conditioning complying with a court order on acceding to a demand that was made subsequent to the entry of the orders in question—on the logic that the orders apply equally to Defendant Catania's new demand that did not exist at the time the orders were entered. Yet the clear language of the Dkt #94 provides that the parties meet and confer regarding **"Defendant Catania's** personal email and social media accounts and devices for discoverable communications and documents" [Dkt #94].

1

**The ESI Order Addresses A Deficiency Raised By Plaintiffs And All The Relevant Court Orders And Conferences Reflect That Fact**

December 1 and 18, 2020 Discovery Status Letters And Entry Of Dkt #94 Order Regarding ESI Due to Plaintiffs

As this Court is aware, a dispute regarding ESI arose in the context of Plaintiffs' claims of deficiency regarding document production by Defendants. See Exhibits A and B, December 1, 2021 (Dkt #73) and December 18, 2021 (Dkt #73) joint letters respectively.

Among the deficiencies alleged were deficiencies in ESI *owed to Plaintiffs*. Plaintiffs specifically pointed to the failure of the Defendants to identify Defendant Catania's work and personal electronic devices as well as the devices of other requested custodians, and whether any ESI had been collected from these devices.

February 2021 Conferences Regarding ESI Due to Plaintiffs And Resulting Order

At the January 22, 2021 status conference with Your Honor (see Dkt #78) and a subsequent February 3, 2021 status conference with Your Honor (see Dkt #94), the ESI due to Plaintiff was discussed and the Court issued a February 3, 2021 order, which provides in relevant part:

> Defendants shall inform counsel for Plaintiffs of: a. The number of unsubstantiated complaints regarding allegations of discrimination and wrongdoing by Defendant Patricia Catania; b. The number, and description of, personal electronic devices and personal email accounts and social media accounts used by Defendant Catania (responsive to Document Request No. 124). 4. After Defendants have provided to Plaintiffs the information in 3(a)(b) above, <u>the parties shall meet and confer concerning the manner in which the search of Defendant Catania's personal email and social media accounts and devices for discoverable communications and documents.</u> [Dkt #94] [emphasis added.]

Plaintiffs' February 19, 2021 Letter And March 5, 2021 Order Regarding ESI Due To Plaintiffs

On February 19, 2021, Plaintiffs again wrote the Court requesting further information regarding devices subject to ESI search of Defendant Catania and on March 5, 2021 by Dkt #112:

> Defendant New York City Department of Education ("DOE") shall promptly <u>provide Plaintiffs</u> with high-level information as described by the Court concerning the timing and status of preservation of and collection of information from computers and electronic devices used by Defendant Patricia Catania including in any personal capacity ("Devices") responsive to Plaintiffs' Interrogatories Nos. 21–22. (See ECF No. 100 at 2 fn. 1.) [emphasis added.]

Indeed, the Order specifically referred to Plaintiffs' Document Requests propounded nine months earlier on May 22, 2020:

> INTERROGATORY NO. 21: Please identify all electronic devices including but not limited to computers, cell phones, and smart phones issued to Defendant Catania during her tenure at MS 224 up to the present, and the present custodian of all such devices. Please also identify the phone number(s) attached to the devices described above as issued to Defendant Catania during her tenure at MS 224 up to the present, as well as the name of the cell services provider(s) of any such devices.
>
> INTERROGATORY NO. 22: Please identify all electronic devices including but not limited to computers, cell phones, and smartphones personally owned, whether individually or as part of a family plan, by Defendant Catania during her tenure at MS 224 up to the present and the present custodian of all such devices, and please identify the phone number(s) attached to the devices described above personally owned by Defendant Catania, whether individually or as part of a family plan, during her tenure at MS 224 up to the present, as well as the name of the cell services provider(s) of any such devices.

March 12, 2021 Order Referenced The ESI Previously Raised By Plaintiffs As Detailed Above

On March 12, 2021 the court issued an Order (Dkt #115) setting forth a deadline of Monday, April 26, 2021, "for submission of an ESI proposal, and [a schedule] for the remainder of fact discovery." This order in referencing an ESI protocol referred to in the Order at Dkt #94.

Thereafter the deadline to submit said ESI protocol response was extended by Dkt #131 on April 26, 2021, Dkt #144 on June 8, 2021, Dkt #148 on June 15, 2021, and #155 on July 1, 2021.

None of these order or extensions changed the nature of the underlying Order to which they applied, Dkt #94.

**Defendant Catania's July 1, 2021 Document Request Is Of No Import To the Meet and Confer Process**

On July 1, 2021 Defendant Catania propounded a new Document Request to Plaintiffs regarding the identification of ESI devices belonging to Plaintiffs. Pursuant to the rules, a response to this request—if arguendo the request is not itself untimely—is due on July 30, 2021. This request seeks only the identification of devices and no substantive request requiring an ESI proposal is pending in any case. Further, Plaintiffs have no outstanding ESI to the requests previously propounded by Defendant Catania and no dispute as to discovery due to Defendant Catania is before this court.

<u>Plaintiffs have already provided text messages, video and audio recordings, and personal emails related to this action more than a year ago. No deficiencies were raised in connection to Plaintiffs' production. Yet to date not a single personal, non-DOE, email has been produced by Defendant Catania</u> and she is wrongly insisting on further and/or duplicative production as a condition of meeting and conferring regarding the ESI proposal for discovery owed to Plaintiffs.

Accordingly, Plaintiffs request that this court issue an order (1) restating the plain language of Dkt #94 as applying to **"Defendant Catania's** personal email and social media accounts and devices for discoverable communications and documents" as the basis of the ESI Protocol in question and (2) reiterating that Defendant Catania's attorney must meet and confer regarding production by Defendant Catania only, consistent with the Order.

      We thank the Court for its attention to this matter.

      Respectfully submitted,

      _____/s/_____
      Jeanne Mirer and Ria Julien

RJ/pb