```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MERCEDES LIRIANO, et al.,              :
                        Plaintiffs,    :
                                       :
              v.                       :     19 Civ. 11245 (LGS)(SLC)
                                       :
NEW YORK CITY DEPARTMENT OF            :     ORDER
EDUCATION, et al.,                     :
                        Defendants.    :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 1, 2021, Magistrate Judge Sarah Cave directed the parties to meet and confer and submit an ESI Protocol (or competing proposals, in the event they cannot agree after meaningful, good-faith efforts), by July 22, 2021. Dkt. No. 155.

WHEREAS, on July 2, 2021, Defendant Patricia Catania filed a letter requesting that the Court adopt her ESI proposal "as is, without any changes, and without considering Plaintiffs' competing version, if any." Dkt. No. 157.

WHEREAS, on July 6, 2021, Judge Cave issued an Order denying Catania's request without prejudice and stating

> Under the Court's, July 1, 2021 Order (ECF No. 155), the parties shall meet and confer concerning their disputes and shall submit the ESI Proposal (or competing proposals, in the event they cannot agree) by July 22, 2021. This deadline remains operative, and if the parties cannot agree on an ESI Proposal, the Court will consider each of the parties' positions, in due course.

Dkt. No. 159.

WHEREAS, on July 15, 2021, Catania timely filed objections to Judge Cave's July 6, 2021, Order on the grounds that Defendants refused to meet and confer "unless it was for a limited, unilateral ESI protocol, meaning one addressed to Catania's electronic devices only." Dkt. No. 161.

WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2d Cir. 2020) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Sec. & Exch. Comm'n v. Genovese*, No. 18 Civ. 942, 2021 WL 2986413, at *6 (S.D.N.Y. July 14, 2021) (citation omitted). "It is well-settled that a magistrate judge's resolution of a nondispositve matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Kaufman v. Salesforce.Com, Inc.*, No. 20 Civ. 6879, 2021 WL 2269552, at *2 (S.D.N.Y. June 3, 2021).

WHEREAS, an order regarding an ESI protocol is nondispositive. *See Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 472 (S.D.N.Y. 2016) (treating a dispute related to the ESI protocol as nondispositive and affording deference to the magistrate judge's ruling). It is hereby

**ORDERED** that Catania's objections to the July 6, 2021, Order at Docket No. 159 are **OVERRULED**. The July 6, 2021, Order -- denying Catania's request *without prejudice* -- is not clearly erroneous or contrary to law. At the time of the July 6, 2021, Order, the parties' July 22, 2021, deadline to meet and confer regarding an ESI Protocol had not yet expired and Catania's request was premature.

Dated: July 16, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**