> Defendant Catania's letter-motion requesting to adjourn the September 14 conference (ECF No. 209) is GRANTED, and the conference is ADJOURNED to **Wednesday, September 29, 2021 at 3:00 pm** on the Court's conference line. The terms of the Court's September 1, 2021 Scheduling Order (ECF No. 208) remain in effect, i.e., Defendant Catania shall personally participate and be prepared to answer questions under oath, and the parties shall promptly order the transcript of the conference.
>
> The parties — and Defendant Catania — are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.
>
> The Clerk of Court is respectfully directed to close ECF No. 209.
>
> SO ORDERED 9/7/2021
>
> *SARAH L. CAVE*
> *United States Magistrate Judge*

September 3, 2021

*Via ECF Filing*

Hon. Sarah L. Cave
Magistrate Judge
United States Federal District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Liriano v. NYC Dept. of Education, etc.  Civil Case No.: 1:19-cv-11245 (LGS) (SLC).*
           *Letter Motion Requesting Adjournment of September 14, 2021 Conference.*

Hon. Magistrate Judge Cave:

Your undersigned represents Defendant, Patricia Catania ("Catania"), in the above-referenced matter.  We write to seek an adjournment of the Court-scheduled telephonic conference on September 14, 2021 at 5:00 p.m. to one (1) of the dates set forth below, preferably at the same time.

The reason we need the adjournment is multi-fold.  As an initial matter, the Court scheduled the conference on a day when I have a long-standing, previously scheduled, court-conference in a different case at 11:00 a.m., as well the circumstance that I had already previously committed to that same date for depositions in yet a third case.  Assuming they go forward, as planned, they will likely proceed well past 5:00 p.m. considering the late start due to the aforesaid 11:00 a.m. conference. I use the word "assuming" because, in state practice, the standard protocol is to confirm the deposition the day before, and they almost always go forward, but sometimes they do not.

In addition, Catania (who is a public-school assistant principal, as you know) advises me that this is the beginning of the school year and that, as a result, matters often invariably arise in the first few weeks of school which require her personal attention, and may cause her to stay as late as 6:00 p.m. Her normal work day starts at around 7:00 a.m. and ends at around 3:30 to 4:00 p.m., and involves a daily commute between Manhattan and the Bronx.  Catania also advises me that,

after September 17th, Wednesdays and Thursdays are days where she can perhaps leave early, or even take a half day off, if need be.

I met and conferred with all other counsel today via email regarding this adjournment.  Plaintiffs' counsel takes no position on the application, and wrote me advising me to go ahead and make the motion.  The DOE's counsel consents to the adjournment.

We attempted to match Wednesdays or Thursdays that are definitely available for all counsel, but we were unsuccessful in this endeavor.  We resolved as follows:   The days of September 22, 23, 29, and 30 are dates definitely available for DOE.

These same dates are generally available for Catania - - except not between 10:00 a.m. and 1:00 p.m. on Sept. 22nd in the event the Court considers an earlier time for the conference.  On that date, at around that time, your undersigned has a long-standing, oral argument conference scheduled regarding a dispositive motion in a serious medical malpractice case he has been litigating for quite some time and, of course, that earlier in the day time window would also conflict with Catania's work schedule.

In any event, in response to the above dates, Plaintiffs' counsel did not specifically commit to same, but they did write, in part:

> ". . . when you make your motion, if [Judge Cave] grants it we will work with the dates she sets.  If you let [Judge Cave] know the dates Ms. Marcus has given as available, we will work with them."

Moreover, as said counsel themselves noted in a different email sent to your undersigned today, there are two (2) of them.  Upon information and belief, no other dates should require adjusting in light of this request.  This is Catania's first request for an extension of time regarding this conference.  Accordingly, Catania respectfully prays that the requested relief be granted.  Thank you.

Respectfully and sincerely submitted,

*/s/ Anthony V. Gentile*
Anthony V. Gentile (AG6065)

*Attorney for Defendant, Patricia Catania*

cc: all ECF registrants in this case (via ECF filing).