Law Office Of
**ANTHONY V. GENTILE**
6648 Ridge Boulevard
Brooklyn, NY 11220
718-492-1444

anthonyvgentile_esq@yahoo.com

___

November 21, 2021

*Via ECF*

Honorable Lorna G. Schofield
District Court Judge
United States Federal District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

By **November 5, 2021**, Plaintiff and Defendant New York City Department of Education shall file any response(s) to Defendant Catania's Objections (Dkt. No. 222) and Motion for Stay of the Upcoming Mediation (Dkt. No. 223), not to exceed five pages.

So Ordered.

Dated:  November 3, 2021
            New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:   *Liriano v. New York City Dept. of Education (et ano)*
        Civil Case No.: 1:19-cv-11245 (LGS) (SLC)
        *Defendant Patricia Catania's Emergency Letter Motion Seeking a Stay of the Upcoming Mediation*

Hon. Judge Schofield:

I represent defendant, Patricia Catania ("Catania"), in the above/referenced matter, a purported employment-related civil rights claim.  I write, as always, with the utmost respect towards this Honorable Court, this time seeking an Order of the Court immediately staying the upcoming mediation in this case and directing the plaintiffs and the co-defendant, NYC Department of Education ("DOE") to not participate in same until Catania's objections, filed yesterday, are heard and decided by this Court.

Moreover, inasmuch as the mediation is scheduled for November 9, 2021, and the objections will likely not be decided before then, Catania requests an <u>interim</u> stay of said mediation, and an Order directing the plaintiffs and the DOE to not participate in same, pending the hearing and determination of this instant letter motion.  The nature of the emergency is that, as aforesaid, the mediation is scheduled to go forward but seven (7) days from now and a subsequent decision on the objections, even if favorable to Catania, will be moot at that juncture.

This court has inherent power to issue a stay in order to control its own docket.  *See generally*, *Air Line Pilots Assn. v. Miller*, 523 U.S. 866 n 6 (1998) (citation omitted); *Rodriguez v. Guzman*, 974 F. 3d 108, 113 (2d Cir. 2020) (citation omitted).  The underlying issue is set forth more fully in Catania's objections to Magistrate Judge Cave's Order.  *See* Dkt. No. 222 dated November 1, 2021.  The content and reasons for said objections are adopted herein, as if more fully set forth,

by reference to said objections and to the references/citations within said objections.  In addition, for this motion, Catania incorporates and relies upon her motion papers dated October 14, 2021 (Dkt. No. 219) and her letters to the Court dated October 12, 2021 (Dkt. No. 217) and September 29, 2021 (Dkt. No. 215).

The issue here is one of fundamental fairness.  Although Catania certainly wants to participate in mediation, she wants to do so before a <u>mutually acceptable</u> mediator.[1]  Notwithstanding that, in a prior Order (Dkt. No. 118), Judge Cave specifically held that mutually selecting the mediator is part of scheduling the mediation, the plaintiffs and the DOE intentionally excluded Catania from the mediation process and they refused to meet and confer with her counsel to select the mediator, which we submit was in direct violation of Judge Cave's Order.  Obviously, the choice of the mediator is an important choice; otherwise, litigants would simply draw names from a hat.

Catania has legitimate reasons for rejecting this particular mediator and, through counsel, she has expressed them to the other counsel.  Catania has also submitted reasonable alternative mediators to the other counsel but they were not even considered.  By asking to participate in the mediator selection process, Catania is not asking for anything that every other litigant receives <u>as a matter of course</u> in any other case, except for this case.  For some strange reason, in this case, Catania is constantly being denied the benefits of ordinary procedures which proceed and accrue as a matter of course in most other cases, and she is often subject to orders the likes of which your undersigned has never seen in over twenty (20) years of practice – all of which is detailed in docket numbers 215, 217, 219 and 222.

Accordingly, for the foregoing reasons, Catania respectfully requests and prays for an Order:

(i)  immediately staying the November 9, 2021 mediation, and directing plaintiffs and the DOE to not participate in same, pending this Court's hearing and determination of Catania's objections filed yesterday; and,

(ii)  in the interim, immediately staying the November 9, 2021 mediation, and directing plaintiffs and the DOE to not participate in same, pending this Court's hearing and determination of this instant letter application; and,

(iii)  granting such other and further relief as is just, proper and/or equitable under these circumstances.

No prior application for this relief has been made in this or any other Court.

Sincerely and respectfully submitted,

/s/ *Anthony V. Gentile*

Anthony V. Gentile (AG6065)
*Attorney for Defendant herein, Patricia Catania*

cc.: To all ECF registrants in this case (via efile)

---

[1] In addition, Catania believes that the case cannot settle without her release, but she does not want to use that as a cudgel.  She merely wants to engage in a mediation process that, unlike the present one, is fundamentally fair.