```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
MERCEDES LIRIANO, et al.                      :
                              Plaintiffs,     :
                                              :      19 Civ. 11245 (LGS)(SLC)
              -against-                       :
                                              :             ORDER
NEW YORK CITY DEPARTMENT OF                   :
EDUCATION, et al.,                            :
                              Defendants.     :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 18, 2021, Magistrate Judge Cave issued an Order denying Defendant Catania's motion to "direct[] the parties not to mediate unless it is before a mediator mutually acceptable to all parties" (Dkt. No. 219), on the grounds that Defendant Catania "may choose whether to participate in that mediation, or not." (Dkt. No. 221.)

WHEREAS, on November 1, 2021, Defendant Catania timely filed objections to Judge Cave's October 18, 2021, Order on the grounds that Defendant Catania's exclusion from the selection of the mediator was not "fundamentally fair" as required by the Due Process Clause. (Dkt. No. 222 at 3-4.)  On November 2, 2021, Defendant Catania filed a motion for an emergency stay of the mediation, scheduled to take place on November 9, 2021, until a decision on her pending objections could be reached.  (Dkt. No. 223.)

WHEREAS, on November 5, 2021, Plaintiffs and Defendant New York City Department of Education filed responses in opposition to Defendant Catania's objections and motion to stay. (Dkt. Nos. 225, 226.)  On November 7, 2021, and November 8, 2021, Defendant Catania filed further, unsolicited letters in response.  (Dkt. Nos. 227, 228.)

WHEREAS, for objections to a Magistrate Judge's ruling on nondispositive matters, district courts must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly

erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Castillo v. G&M Realty L.P.*, 950 F.3d 155, 167 (2d Cir. 2020) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Sec. & Exch. Comm'n v. Genovese*, No. 18 Civ. 942, 2021 WL 2986413, at *6 (S.D.N.Y. July 14, 2021) (citation omitted). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Kaufman v. Salesforce.Com, Inc.*, No. 20 Civ. 6879, 2021 WL 2269552, at *2 (S.D.N.Y. June 3, 2021). It is hereby

**ORDERED** that Defendant Catania's objections to the October 18, 2021, Order are **OVERRULED** and Defendant Catania's motion to stay the November 9, 2021, mediation pending a decision on the objections is **DENIED** as moot. The October 18, 2021, Order denying Defendant's Catania's motion to direct "the parties not to mediate unless it is before a mediator mutually acceptable to all parties" is not clearly erroneous or contrary to law. As that Order made clear, Defendant Catania may choose to participate in the scheduled mediation. But just as she cannot prevent the other parties from choosing to settle, she cannot prevent the other parties from voluntarily mediating in an effort to settle the claims against Defendant New York City Department of Education. If Defendant Catania finds the proposed mediator to be unacceptable -- as it appears she does -- Defendant Catania may choose not to participate in the mediation.

The Clerk of Court is respectfully directed to close the motion at Docket No. 223.

Dated: November 8, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**